**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CHRISTINA BOUDRIE, #497359,**

    Petitioner,

                              Civil No: 2:06-CV-11900
                              Honorable Paul D. Borman
                              Magistrate Virginia M. Morgan

v.

**SUSAN DAVIS, Warden**,

    Respondent.

_____

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

    This matter is before the Court on Petitioner's, Raymond Lane's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Huron Valley Complex-Women's in Ypsilanti, Michigan, is challenging her May 6, 2004 conviction for first degree child abuse. Petitioner failed to exhaust her state court remedies. Accordingly, the Court finds that Petitioner's habeas petition is dismissed without prejudice.

**II. Procedural Facts**

    Following Petitioner's conviction, she filed a direct appeal with the Michigan Court of Appeals. The trial court decision was affirmed. Petitioner proceeded to file an application for leave to appeal with the Michigan Supreme Court. However, Petitioner's filing was untimely as the brief was filed beyond 56 days from the Michigan Court of Appeals' decision to affirm the findings of the trial court. *See,* MCR 7.302(C)(2). Petitioner proceeded to file the pending habeas corpus petition presently before the Court on April 24, 2006.


Dockets.Justia.com

### III. Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Although Petitioner attempted to complete her exhaustion requirements, she has failed to meet her burden of showing exhaustion of state court remedies. The record before this Court indicates that Petitioner's application to the Michigan Supreme Court was rejected because it was not timely. However, Petitioner did not attempt to continue the appeal process relative to the state circuit court's decision and Michigan Court of Appeals' decision by filing a motion for relief from judgment pursuant to the rules set forth under MCR 6.500. Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See 28 U.S.C. § 2254(d)*.

In this case, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Therefore, since the Michigan Supreme Court has not had

an opportunity to review Petitioner's habeas claims, this Court cannot proceed relative to the adjudication of her case.

### III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed April 24, 2006]** is **DISMISSED WITHOUT PREJUDICE.**

_____
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: _____